1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

DARLENE K. GINTER,

                          Plaintiff,

        v.

CAROLYN W. COLVIN. Commissioner of
Social Security, [1]

                          Defendant.

Case No. 3:12-cv-05476-RBL-KLS

REPORT AND RECOMMENDATION

Noted for June 7, 2013

12
13
14
15
16
17
18
19
20

        Plaintiff has brought this matter for judicial review of defendant's partially favorable

decision regarding her applications for disability insurance and supplemental security income

("SSI") benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to

28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary

of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining

record, the undersigned submits the following Report and Recommendation for the Court's

review, recommending that for the reasons set forth below, defendant's should be reversed and

this matter should be remanded for further administrative proceedings.

21

FACTUAL AND PROCEDURAL HISTORY

22
23
24

        On April 5, 2004, plaintiff filed an application for SSI benefits and on April 14, 2004, she

filed another one for disability insurance benefits, alleging in both applications that she became

25
26

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for
Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the
docket accordingly.**

REPORT AND RECOMMENDATION - 1

disabled beginning August 15, 2000. <u>See</u> Administrative Record ("AR") 635.  Both applications were denied upon initial administrative review on October 13, 2004, and on reconsideration on February 9, 2005. <u>See id.</u>  A hearing was held before an administrative law judge ("ALJ") on July 18, 2007, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. <u>See</u> AR 803-41.

In a decision dated August 3, 2007, the ALJ determined plaintiff to be not disabled. <u>See</u> AR 635-47.  On December 21, 2007, plaintiff's request for review of that decision was granted by the Appeals Council, which remanded the matter for further administrative proceedings. <u>See</u> AR 653-56.  A second hearing was held before a different ALJ on August 13, 2008, at which plaintiff, represented by counsel, appeared and testified, as did a different vocational expert. <u>See</u> AR 842-76.  In a decision dated September 16, 2008, that ALJ also determined plaintiff to be not disabled. <u>See</u> AR 29-38.

Plaintiff's request for review of this second decision was denied by the Appeals Council on January 21, 2010, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). <u>See</u> AR 8; <u>see</u> <u>also</u> 20 C.F.R. § 404.981, § 416.1481.  Plaintiff sought judicial review of the Commissioner's final decision in this Court, which on February 4, 2011, remanded this matter to the Commissioner again for further administrative proceedings. <u>See</u> AR 900-14.  On remand, a third hearing was held before a third different ALJ on January 24, 2012, at which plaintiff once more appeared but did not testify, and at which a third different vocational expert also appeared and testified. <u>See</u> AR 919-39.

In a decision dated March 28, 2012, that ALJ determined plaintiff to be not disabled prior to May 1, 2007, but became disabled beginning on that date. <u>See</u> AR 881-97.  It does not appear that the Appeals Council assumed jurisdiction of the case this time. <u>See</u> 20 C.F.R. § 404.984, §

REPORT AND RECOMMENDATION - 2

1    416.1484.  The ALJ's decision therefore became the Commissioner's final decision after sixty

2    days. Id.  On June 14, 2012, plaintiff filed a complaint in this Court seeking judicial review of

3    the Commissioner's final decision. See ECF #3.  The administrative record was filed with the

4    Court on August 20, 2012. See ECF #14.  The parties have completed their briefing, and thus

5    this matter is now ripe for the Court's review.

6          Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for a

7    finding of disability and award of benefits, or in the alternative for further administrative

8    proceedings, because the ALJ erred (1) in inferring an onset date of disability without calling a

9    medical expert, and (2) in failing to properly evaluate the May 21, 2007 opinion of Susan

10   Powell, M.D.  The undersigned agrees the ALJ erred as alleged by plaintiff, but recommends for

11   the reasons set forth below that this matter be remanded for further administrative proceedings

12   rather than a finding of disability and award of benefits.

13                                    DISCUSSION

14         The determination of the Commissioner that a claimant is not disabled must be upheld by

15   the Court, if the "proper legal standards" have been applied by the Commissioner, and the

16   "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler,

17   785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

18   Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D.

19   Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the

20   proper legal standards were not applied in weighing the evidence and making the decision.")

21   (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

22         Substantial evidence is "such relevant evidence as a reasonable mind might accept as

23   adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation

REPORT AND RECOMMENDATION - 3

omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

supported by inferences reasonably drawn from the record.").  "The substantial evidence test

requires that the reviewing court determine" whether the Commissioner's decision is "supported

by more than a scintilla of evidence, although less than a preponderance of the evidence is

required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence

admits of more than one rational interpretation," the Commissioner's decision must be upheld.

Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence

sufficient to support either outcome, we must affirm the decision actually made.") (quoting

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

An ALJ has the duty "to fully and fairly develop the record." Tonapetyan v. Halter, 242

F.3d 1144, 1150 (9th Cir. 2001) (citations omitted).  This duty is triggered when the evidence in

the record is ambiguous or inadequate to allow for proper evaluation thereof. See id.; Mayes v.

Massanari, 276 F.3d 453, 459 (9th Cir. 2001).  "In the event that the medical evidence is not

definite concerning the onset date and medical inferences need to be made," the ALJ must "call

upon the services of a medical advisor and to obtain all evidence which is available to make the

determination." DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991); see also Armstrong v.

Commissioner of Social Security Admin., 160 F.3d 587, 589 (9th Cir. 1998) ("[T]he . . . ALJ . . .

should call on the services of a medical advisor when onset must be inferred.") (quoting Social

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that
> which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
> substantial evidence, the courts are required to accept them.  It is the function of the
> [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
> not try the case de novo, neither may its abdicate its traditional function of review.  It must
> scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
> rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

Security Ruling ("SSR") 83-20, 1983 WL 31249 *3); <u>Morgan v. Sullivan</u>, 945 F.2d 1079 (9th Cir. 1991) ("[SSR 83-20] suggests that when the evidence regarding date of onset . . . is ambiguous, . . . the ALJ should determine the date based on an informed inference[, which,] is not possible without the assistance of a medical expert.").

In this case the ALJ found plaintiff had "a sedentary level of physical exertion" with additional non-exertional physical and mental limitations, "in light of her deteriorating physical condition and increased mental health symptoms" after May 1, 2007, which precluded her from being able to perform either her past relevant or any other work and therefore resulted in a finding that she became disabled as of that date. AR 895; <u>see</u> <u>also</u> AR 896-97.  Plaintiff argues the medical evidence the ALJ relied on to make May 1, 2007 her onset date of disability was ambiguous, and thus the ALJ was required to call on the services of a medical expert before doing so.  The undersigned agrees.

In choosing May 1, 2007, as plaintiff's onset date of disability, the ALJ relied in part on the psychiatric evaluation report completed by Dr. Powell on May 21, 2007, in which she found plaintiff to be limited to sedentary work, but also to "[u]nlikely ever be able to work." AR 479-80.  The ALJ stated that Dr. Powell found this to be the case "as of May 2007" (AR 894), but Dr. Powell never actually indicated this to be so.  Indeed, Dr. Powell did not give an actual date for when she believed plaintiff first acquired the work limitations found. <u>See</u> AR 477-80.  There is evidence, furthermore, that Dr. Powell may have felt plaintiff's disability began earlier than May 2007, as she appears to have based her opinion at least in part on a prior physical examination from August 2006. <u>See</u> AR 478.

Defendant argues there is no ambiguity here, asserting Dr. Powell "specifically noted that her opinion was valid for one year." ECF #22, p. 9 (citing AR 477).  That section of the state

REPORT AND RECOMMENDATION - 5

agency psychiatric form Dr. Powell completed, however, actually concerns the authorization the claimant makes allowing the evaluating medical source to release his or her medical information to the state agency. See AR 477.  Accordingly, it was *plaintiff* who was authorizing Dr. Powell to do so for a period of one year.  Even if it is reasonable to read this section as instead referring to Dr. Powell's own authorization, at most this means the work-related limitations Dr. Powell found were valid for a period of one year from the date of the opinion.  It says nothing about *when* such limitations actually began.

The ALJ also relied on the diagnosis of a disc protrusion by Rajesh Arakal, M.D., in May and June 2007, based on an MRI of plaintiff's cervical spine. See AR 893.  That MRI, however, appears to be one dated April 25, 2006, and Dr. Arakal gave no indication he did not believe her diagnosis did not date back to the date of that MRI. See AR 375, 475-76, 544, 547.  Accordingly, here too the medical evidence the ALJ relied to find plaintiff's disability began on May 1, 2007, indicates it may have begun well before then.  Similarly, while the ALJ relied on the May 2007, and May 2008 opinions of Jack Norris, Ph.D., to assess the mental functional limitations plaintiff had as of May 1, 2007, Dr. Norris stated those limitations were "lifelong" (see AR 410-11, 560-61, 893), which also evidences a possible earlier disability onset date.

Lastly, the ALJ gave "some weight" to the April 2008 opinion of Donna Elam, PAC, that plaintiff was "severely limited" in her ability to perform work-related physical tasks as additional support for the determination that plaintiff first became disabled on May 1, 2007. AR 570, 894.  But even here the evidence indicates plaintiff's disability may have begun much earlier, as Ms. Elam stated that the date of onset of her primary impairment was more than 10 years ago. See AR 569.  Accordingly, while not all of the medical evidence the ALJ relied on to find plaintiff became disabled as of May 1, 2007, indicates the existence of an earlier disability onset date (see

REPORT AND RECOMMENDATION - 6

AR 483-91, 894), enough of it does to call the one the ALJ adopted into question.  As such, this ambiguity in the medical evidence warranted the services of a medical expert for the purposes of inferring a disability onset date.  The ALJ erred in failing to obtain them.

The undersigned rejects, however, the suggestion that the statements Dr. Powell made in her early April 2006 treatment note establish disability at least as of that date.  Dr. Powell stated in that note that plaintiff had asked her if she would "sign a form excusing her permanently from a student loan repayment." AR 438.  That form, Dr. Powell further stated, asked her "to verify that [she was] quite certain [plaintiff] will never be able to work again or that she is suffering from a condition expected to result in death." Id.  Dr. Powell stated she told plaintiff that she "could not say unequivocally that she could never work again," and therefore that she "could not fill out the student loan paperwork." AR 439.

The undersigned agrees with defendant that these statements fail to support the functional limitations Dr. Powell assessed more than a year later.  Indeed, they actually indicate Dr. Powell did not believe, at least at that time, that plaintiff was unable to work.  This additional ambiguity in the medical evidence in the record, though, merely provides a further basis for remanding this matter for the purpose of obtaining the services of a medical expert to assist the ALJ in inferring a disability onset date.  In addition, if it is deemed necessary to allow for a proper determination as to plaintiff's disability onset date, the Commissioner on remand should re-contact Dr. Powell to clarify when she believed the mental functional limitations she assessed actually began. See DeLorme, 924 F.2d at 848 (directing ALJ "to obtain all evidence which is available to make the determination" as to claimant's disability onset date when medical evidence is not definite with respect thereto); see also 20 C.F.R. § 416.912(e)(1) (providing that when evidence from medical source is inadequate to determine claimant is disabled, that source will be re-contacted to seek

REPORT AND RECOMMENDATION - 7

additional evidence or clarification, when his or her report "contains a conflict or ambiguity that must be resolved [or] does not contain all the necessary information").

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because the medical evidence in the record is ambiguous as to plaintiff's onset date of disability, issues remain in this case in regard thereto thereby warranting remand for further administrative proceedings, including obtaining the services of a medical expert to assist in inferring such a date and, if necessary, re-contacting Dr. Powell concerning her May 21, 2007 opinion.

## CONCLUSION

For the reasons discussed above, the undersigned recommends the Court find the ALJ

REPORT AND RECOMMENDATION - 8

1    improperly inferred plaintiff's disability onset date.  Accordingly, the undersigned recommends

2    as well that the Court reverse the Commissioner's final decision and remand this matter thereto

3    for further administrative proceedings in accordance with the findings contained herein.

4            Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

5    72(b), the parties shall have **fourteen (14) days** from service of this Report and

6    Recommendation to file written objections thereto. <u>See</u> <u>also</u> Fed. R. Civ. P. 6.  Failure to file

7    objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>,

8    474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

9    is directed set this matter for consideration on **June 7, 2013**, as noted in the caption.

10           DATED this 21st day of May, 2013.

11

12

13

14

15                                          Karen L. Strombom
                                            United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 9